UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS JIMENEZ PEREZ,<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS, et al.,<br><br>Respondents. | No. 1:26-cv-02422-DAD-AC<br><br>ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION TO APPOINT COUNSEL AS MOOT<br><br>(Doc. Nos. 1, 6, 7) |

On March 30, 2026, petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.)  Respondents filed their opposition to the petition on April 6, 2026.  (Doc. No. 5.)  On July 10, 2026, petitioner filed a motion for temporary restraining order.  (Doc. No. 6.)  Therein petitioner states that he entered the United States in 2016 and was detained by ICE on January 19, 2026.  (Doc. Nos. 1-2 at ¶ 2; 6 at 2.)

On July 13, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided.  (Doc. No. 5.)  In that same order, the court directed that if respondents

1

opposed the court ruling on the underlying petition based on the current briefing before it, respondents were to so indicate in the opposition and provide substantive reasons in support of that position.  (*Id.*)

On July 14, 2026, respondents filed an opposition to petitioner's motion for temporary restraining order in which they submit with respect to the pending petition on their previously filed briefing, request that the court resolve the petition on the merits, and concede that this case is not distinguishable from those cited in the court's minute order.  (Doc. No. 9.)  Respondents argue that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (Doc. No. 5 at 1–2), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).

The court adopts its reasoning set forth in *Quichimbo-Jimenez v. Warden, California City Correctional Center*, 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378 (E.D. Cal. Mar. 10, 2026), where the court concluded that the structure of the Immigration and Nationality Act required a bond hearing for noncitizens who have been detained by immigration authorities and who have:  (1) entered the United States without inspection; (2) were not apprehended on arrival; and (3) not otherwise subject to mandatory detention.  Applying the reasoning set forth in *Quichimbo-Jimenez*, the court concludes that petitioner is not legally detained pursuant to 8 U.S.C. § 1225.  Respondents fail to identify any other statutory framework which would justify the continued detention of petitioner, notably failing to argue that petitioner may be lawfully detained pursuant to 8 U.S.C. § 1226(a).  Accordingly, the court incorporates its reasoning in *Cardenas v. Chestnut, et al.*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026) and *J.P.C. v. Chestnut, et al.*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026) and finds that the appropriate remedy here is petitioner's immediate release from custody because respondent has failed to provide any applicable authority for petitioner's detention.

/////

/////

/////

2

For the reasons explained above,

1.   Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.   Respondents are ORDERED to immediately release petitioner Tomas Jimenez Perez, A-File No. 221-489-309, from respondent's custody;

    b.   Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

2.   Petitioner's motion for temporary restraining order (Doc. No. 6) and motion to appoint counsel (Doc. No. 7) are DENIED as having been rendered moot by this order granting his *habeas* petition on the merits;

3.   The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Facility; and

4.   The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **July 15, 2026**

*Dale A. Drozd*

DALE A. DROZD
UNITED STATES DISTRICT JUDGE